1  Toby J. Marshall, WSBA #32726
   Elizabeth A. Adams, WSBA #49175
2  Attorneys for Plaintiff
   TERRELL MARSHALL LAW GROUP PLLC
3  936 North 34th Street, Suite 300
   Seattle, Washington 98103-8869
4  Telephone: (206) 816-6603
   Facsimile: (206) 319-5450
5  Email: tmarshall@terrellmarshall.com
   Email: eadams@terrellmarshall.com
6
   [Additional Counsel Appear on Signature Page]
7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON

9  JANET STONE, on her own behalf and on
   the behalf of all others similarly situated,          NO.
10
                              Plaintiff,          **CLASS ACTION COMPLAINT**
11
12             v.                                 **JURY TRIAL REQUESTED**

13 ASPEN DENTAL MANAGEMENT, INC., a
   foreign corporation, and ADAM MILESKI,
14 DDS, PLLC, a Washington corporation,

                              Defendants.
15
16
17        Plaintiff, individually and on behalf of all others similarly situated, by and

18 through her counsel, for her class action complaint against Defendants hereby

19 states and alleges as follows:

20

   CLASS ACTION COMPLAINT – 1

1

## I.     INTRODUCTION

2          1.     Aspen Dental Management, Inc. is a dental services corporation

3    providing integrated business support services to "Aspen Dental" branded dental

4    care providers throughout the United States, including in Washington. Motivated

5    primarily by a desire to make the Aspen Dental locations profitable, Aspen Dental,

6    through a common course of conduct implemented at its local branches, engages

7    and causes its affiliated providers to engage in unfair and deceptive business

8    practices in violation of the Washington Consumer Protection Act, chapter 19.86

9    RCW. The unfair acts and practices that Defendants have engaged and continue

10   to engage in include advertising but failing to honor a promise of a "free exam

11   and x-rays"; failing to properly bill applicable insurance; recommending expensive

12   and unnecessary treatment plans using high-pressure sales tactics; and falsely

13   representing that they are offering a "discount" on services. Aspen Dental has

14   been sued in other states to enjoin some of the unlawful acts alleged herein. In

15   this class action, Plaintiff seeks to recover damages incurred as a result of

16   Defendants' unfair and deceptive acts and practices and to enjoin the continued

17   use of those practices.

18                  ## II.     JURISDICTION AND VENUE

19          2.     Jurisdiction.  This Court has subject matter jurisdiction over this

20

CLASS ACTION COMPLAINT – 2

1   proposed class action pursuant to 28 U.S.C. § 1332(d)(2). The amount in

2   controversy, exclusive of interest and costs, exceeds the sum of $5,000,000, the

3   number of members of the proposed class exceeds 100, and at least one member

4   of the proposed class is a citizen of Washington, while Defendant Aspen Dental

5   Management, Inc. is a citizen of Delaware and New York.

6       3.      Personal jurisdiction exists over Defendants in Washington.

7   Defendant Aspen Dental Management, Inc. is registered to do business in

8   Washington and does conduct business in Washington, and Plaintiff's claims

9   against Aspen Dental arise out of Aspen Dental's conduct of such business in

10  Washington. Defendant Adam Mileski, DDS, PLLC is a Washington professional

11  services limited liability company that does business in Washington. Thus,

12  Defendants have obtained the benefits of the laws of Washington and are subject

13  to the jurisdiction of this Court.

14      4.      Venue.  Venue is proper in this district pursuant to 28 U.S.C. § 1391

15  because Defendants reside in Washington for venue purposes in this action and

16  because a substantial part of the events or omissions giving rise to Plaintiff's

17  claims against Defendants occurred in this judicial district.

18

19

20

CLASS ACTION COMPLAINT – 3

1

### III.     PARTIES

2      5.     Defendant Aspen Dental Management, Inc. Defendant Aspen Dental

3  Management, Inc. ("Aspen Dental") is a Delaware corporation whose principal

4  place of business is 281 Sanders Creek Parkway, East Syracuse, New York 13057-

5  1307, and who does business in the State of Washington.

6      6.     Defendant Adam Mileski, DDS, PLLC. Defendant Adam Mileski, DDS,

7  PLLC ("Mileski PLLC") is a Washington professional limited liability company

8  incorporated in the state of Washington and doing business in Spokane,

9  Washington.

10      7.     Plaintiff Janet Stone. Plaintiff Janet Stone is a citizen of the State of

11  Washington and resides in Spokane, Washington. Plaintiff is a "person" as that

12  term is defined in RCW 19.86.010(1)

13

### IV.     SERVICE ON THE ATTORNEY GENERAL

14      8.     Counsel for Plaintiff are causing a copy of this pleading to be served

15  contemporaneously with this filing on the Attorney General of Washington in

16  accordance with RCW 19.86.095.

17

### V.     SUMMARY OF ALLEGATIONS

18  **A.     Aspen Dental's Business Practices**

19      9.     Aspen Dental holds itself out as a dental services corporation

20

CLASS ACTION COMPLAINT – 4

1  providing integrated business support services to dental care providers in

2  Washington and throughout the United States.

3      10.    There are currently nine dental practices operating under the "Aspen

4  Dental" name in Washington State and more than 600 throughout the United

5  States.

6      11.    Aspen Dental's business model relies on bringing in a high volume of

7  new patients every month.

8      12.    Former employees have reported that Aspen Dental trains its

9  employees in high-pressure sales tactics. *See*

10  https://www.publicintegrity.org/2012/06/26/9186/corporate-dental-chains-see-

11  big-profits-adults-who-cant-afford-care. Corporate management scrutinizes the

12  daily "production" of dentists and staff. And dentists are paid bonuses when they

13  meet key "production" targets.

14      13.    Pursuant to this business model, Aspen Dental has long advertised

15  that individuals without insurance can obtain a "free exam and x-rays."

16      14.    For example, on the FAQs portion of Aspen Dental's website, the first

17  frequently asked question regarding appointments is "How much is my first visit

18  going to cost me?" The answer Aspen Dental provides is:

19

20

CLASS ACTION COMPLAINT – 5

1
2
3

We believe that everyone deserves a healthy mouth. So our dental care is not only thorough, but also affordable and accessible to all. Don't have insurance? No problem. Your first visit for a comprehensive exam and X-rays is free.* - **(*$19 in IL, TN.)**.

4
5
6
7
8
9
10

Your dentist will give you a comprehensive exam and recommend treatment to get your mouth on the road to healthy. The office manager will discuss costs and work with you to find payment options that fit your budget. Aspen Dental offices make flexible payment plans available to help you make your treatment affordable, and we pledge never to surprise you with hidden fees— we'll provide a clear, detailed estimate on the cost of your treatment plan in writing so you know what to expect. Discounts such as the free ($19) new patient appointment cannot be combined with insurance. But we'll do everything we can to find a plan that gives you a healthy mouth.

11   *See* https://www.aspendental.com/faqs/appointments.

12          15.    Similarly, Aspen Dental's explanation of the "check-up" service it

13   provides includes the following representation that patients without insurance

14   may obtain a "free dental exam":

15
16
17

Great oral health starts here, with a free dental exam for patients without insurance (some limitations apply*). Based on this initial exam, your dentist will create your customized dental treatment plan, which will be a guide for you and your dental team going forward in order to give you a healthy mouth.

18
19

…
**The low-risk, low-cost* way to find out the status of your oral health**

20

CLASS ACTION COMPLAINT – 6

> Initial exam and x-rays are free or at a very low cost for patients without insurance (some limitations apply*). If you would like a second opinion, you can obtain a copy of your exam results and x-rays at no charge.
>
> *For patients without insurance, $19 in IL, TN.

*See* https://www.aspendental.com/dental-services/checkups. While Aspen Dental represents that "some limitations apply," the only limitation listed in these descriptions of the offer is a representation that patients in Illinois and Tennessee will have to pay $19 for an exam if they do not have insurance, rather than being able to obtain a free exam.

16.    Aspen Dental further advertises this offer on the location pages for all nine of its Washington offices using the following language:

> **free exam and xrays**
>
> New patients without dental insurance receive a free exam and X-rays on their first visit. Offer must be presented at first visit.
>
> For new patients that do not have dental insurance. New patients must be 21 or older to receive free exam and x-rays, a minimum $170 value. Minimum savings is based on a comprehensive exam and full X-ray series; the value of the savings will vary based on doctor recommendation. Discounts cannot be combined with other offers or dental discount plans. Offer must be presented at first visit.

CLASS ACTION COMPLAINT – 7

1    *See, e.g.*, https://www.aspendental.com/dentist/wa/spokane/9405-n-newport-

2    hwy.

3        17.    Aspen Dental has, at times, also advertised its "free" exams for

4    individuals without health insurance on signs, window displays, and other

5    advertising at its physical locations in Washington.

6        18.    Despite this pervasive advertising of a free exam for patients without

7    insurance, Aspen Dental has a policy and practice of refusing to honor this

8    promise.

9        19.    Aspen Dental's business model relies on luring a high volume of new

10    patients in with the promise of a free exam and x-rays. After a patient receives

11    the purportedly "free" exam and x-rays (which do not include even a basic

12    cleaning or any other treatment), the patient taken to a back room, where a

13    salesperson presents the patient with a "treatment plan" that has supposedly

14    been recommended for her condition by the dentist. These recommended

15    treatment plans frequently contain unnecessary procedures costing thousands of

16    dollars.

17        20.    Aspen Dental then purports to offer a "discount" off the price of the

18    recommended services. Later, when Aspen sends the patient a bill, the patient is

19    hit with a surprise charge for the initial exam and x-rays, which the patient was

20

1  told would be free. Aspen Dental then claims that the patient received a

2  "discount" on the recommended treatment plan, and that the free exam offer

3  cannot be combined with that "discount."

4       21.     On information and belief, the "discounts" Aspen Dental purports to

5  offer on its treatment plans are not actually discounts. Rather, these "discounted"

6  rates are the rates Aspen Dental typically charges patients for these services.

7       22.     Aspen Dental also has a policy and practice of failing to properly

8  inform patients regarding their dental insurance coverage and failing to properly

9  bill insurance providers prior to billing patients. Aspen Dental has a practice of

10  informing patients that they accept that patient's insurance but then billing the

11  patient directly for services rendered. Under the Washington False Claims Act,

12  "[n]o provider shall willfully collect or attempt to collect an amount from an

13  insured knowing that to be in violation of an agreement or contract with a health

14  care payor to which the provider is a party." RCW 48.80.030. The definition of

15  "health-care" services includes dental services. RCW 48.44.010(10). Violation of

16  RCW 48.80.030 can support a CPA claim. *See Reimer v. Ctr. for Counseling &*

17  *Health Res.*, 2008 WL 3186840, at *2 (W.D. Wash. July 25, 2008). The False Claims

18  Act demonstrates Washington's determination that billing a client for services

19  that should be billed to an insurance provider is unfair and deceptive.

20

CLASS ACTION COMPLAINT – 9

23.    Aspen Dental also has a policy and practice of using high-pressure sales tactics to scare consumers into agreeing to high-cost, unnecessary dental procedures.

24.    In 2015, one former employee explained the experience of working at an Aspen Dental location as follows: "I worked at this terrible place and I am ashamed. They used to have meetings about pushing sales in order to win bonuses for beating[] out the other [A]spen [D]entals in the area….They only cared about cash and pushing people into expensive decisions when there was many other alternatives." https://www.complaintsboard.com/complaints/aspen-dental-c361488.html.

25.    A former dentist at an Aspen Dental location further admitted that he pulled teeth that he didn't think needed pulling and explained that Aspen Dental "spend[s] most of their time trying to talk people out of their teeth." https://www.publicintegrity.org/2012/06/26/9186/corporate-dental-chains-see-big-profits-adults-who-cant-afford-care.

26.    A 2008 posting from a consumer summarizes this Aspen Dental business model as follows: "Great come-on ads of free X-rays & exam + no interest financing for 12 months. Those of us on fixed incomes without dental insurance certainly would think this is a health care company providing good

1   service to their customers. After X-rays & exam you are put in the box (Finance

2   managers office) where you are told a series of lies about the condition of your

3   teeth & gums in order to have you commit to exorbitant fees for unneeded

4   procedures. Scare tactics of disease and tooth loss along with false concern for

5   your health are used for prompt you to act now and sign on the dotted line."

6   https://www.complaintsboard.com/complaints/aspen-dental-c31511.html.

7       27.    Aspen Dental has been sued before for these same practices. For

8   example, in 2010 the Pennsylvania Attorney General settled an action against

9   Aspen Dental relating to its deceptive marketing of its "free" exam and x-ray deal

10  and its failure to properly disclose third-party financing terms. Similarly, the

11  Massachusetts Attorney General filed an action against Aspen Dental on behalf of

12  Massachusetts consumers that was settled in 2014, alleging deceptive marketing

13  of its "free" exam and x-ray deal and unfair charges to consumers. The Indiana

14  Attorney General settled a similar case in 2015, alleging deceptive marketing of its

15  "free" exam and x-ray deal and misleading of consumers regarding the cost of

16  dental services. However, because its business model of false advertising, high-

17  pressure sales, and exorbitant charges is so lucrative, Aspen Dental has continued

18  these same practices.

19

20

1    28.    Adam Mileski, DDS, PLLC operates three Aspen Dental practices,

2  including two in the State of Washington (located in Spokane and Spokane

3  Valley). In operating those practices, Mileski PLLC implements the Aspen Dental

4  policies and practices alleged herein.

5  **B.    Plaintiff Stone's Experience at Aspen Dental**

6    29.    Prior to scheduling an appointment for a free exam and x-ray at the

7  Spokane Aspen Dental clinic operated by Mileski PLLC, Plaintiff Stone called Aspen

8  Dental to determine whether they accepted her United Health Care dental

9  insurance. She was informed that Aspen Dental did accept United. Plaintiff Stone

10  also called United, who told her that Aspen Dental was in-network.

11    30.    When Plaintiff Stone arrived for her exam and x-ray on March 9,

12  2017, a representative at the Aspen Dental office told her that they did not accept

13  her insurance.

14    31.    The representative also told Plaintiff Stone also that even though

15  Defendants did not accept her insurance, her visit was "covered." Plaintiff Stone

16  presumed this meant that since Defendants would not accept her insurance, she

17  would be entitled to the advertised "free exam and x-ray" as an uninsured

18  patient.

19

20

1    32.    On information and belief, Aspen Dental's representation that the

2  company did not accept United was false. *See*

3  https://www.aspendental.com/dentist/wa/spokane/9405-n-newport-

4  hwy/insurance-and-financing (listing United Health Care as an accepted insurance

5  at Aspen Dental Spokane location). At a minimum, either Aspen Dental made a

6  false representation over the phone regarding insurance coverage or Defendants

7  made a false representation at the time Plaintiff Stone arrived at Aspen's Spokane

8  office.

9    33.    Plaintiff Stone went to Aspen Dental for two specific dental issues:

10 (1) a gap in her teeth, and (2) a chipped tooth. At the beginning of Plaintiff's initial

11 appointment, she told the dentist that those were the problems she wanted to

12 address. The Aspen Dental dentist said, "we'll take care of you."

13    34.    After her exam with the dentist, Plaintiff Stone was sent to a

14 different office room "to get set up." Plaintiff Stone believed that she was going

15 to set up an appointment to fix her gap and/or chipped tooth, as well as possibly

16 a cleaning. Jennifer, an administrative assistant, presented Plaintiff Stone with

17 two possible treatment plans that were devised by the Aspen Dental dentist: the

18 "Bridge Option," costing $17,607.00 and "discounted" to $15,300.15; and the

19 "Partial Option," costing $14,797.00 and "discounted" to $12,911.65. Plaintiff

20

CLASS ACTION COMPLAINT – 13

1  Stone told Jennifer that these treatment plans contained services Plaintiff did not

2  want and could not afford.

3      35.     Jennifer told Plaintiff Stone not to worry about whether she could

4  afford it. Plaintiff Stone signed an electronic tablet several times "so that they

5  could keep going." Plaintiff did not know what she was signing.

6      36.     Ultimately, Plaintiff Stone was signed up for a treatment plan costing

7  approximately $5,149.50, including "discounts."

8      37.     When Plaintiff received her bill, she discovered that she was charged

9  not only for the remaining balance on the treatment plan she had signed up for,

10  but also for her "free" exam and x-rays. She was charged $80 for the exam and

11  $131 for the x-rays.

12      38.     Plaintiff returned to Aspen Dental's Spokane location approximately

13  five times for some of the follow-up work in her "treatment plan." However, she

14  did not receive all of the work proposed under her treatment plan.

15  **C.     Consumer Complaints**

16      39.     Plaintiff's experience at the Spokane location of Aspen Dental is not

17  unique to Plaintiff Stone or to the Spokane location of Aspen Dental.

18      40.     For example, Vancouver, Washington resident Kori Forsman

19  complained to the Washington Attorney General regarding her experience with

20

CLASS ACTION COMPLAINT – 14

1   the Vancouver Aspen Dental location failing to honor the "free exam and x-ray"

2   offer despite Aspen Dental informing her that the company would honor it and

3   failing to inform her accurately regarding her insurance coverage.

4        41.     Spokane Valley, Washington resident Stan West complained to the

5   Washington Attorney General regarding his experience with Aspen Dental failing

6   to honor the "free exam and x-ray" offer. Aspen Dental charged him $208 total

7   for the "free" exam and x-rays. Mr. West also related his experience with being

8   told to sign paperwork quickly and being offered an exorbitant and unnecessary

9   treatment plan costing over $11,000.

10       42.     Spokane Valley, Washington resident Mary Shappy complained to

11  the Washington Attorney General regarding her experience with Aspen Dental

12  charging her for a "free" exam and x-ray even after they told her there would be

13  no cost for these services. Ms. Shappy also reported being escorted into a back

14  room after her exam, offered a treatment plan costing over $6,000, and heavily

15  pressured to make an appointment to schedule the proposed services.

16       43.     Vancouver, Washington resident Alyssa Peal complained to the

17  Washington Attorney General regarding her experience with Aspen Dental telling

18  her that insurance did not cover services that it actually covered, charging her for

19

20

1  services that should have been fully covered by her insurance, and taking her into

2  a back room to pressure her into signing up for treatments.

3      44.    Spokane, Washington resident Jean Lind complained to the

4  Washington Attorney General regarding Aspen Dental's recommendation and

5  performance of over $17,000 in denture procedures, including multiple tooth

6  extractions, that another dentist later confirmed were unnecessary.

7      45.    Yakima, Washington resident David Thierman complained to the

8  Washington Attorney General regarding Aspen Dental's false advertising of a

9  "free" treatment day for veterans. He was even told the services would be "free"

10  when he arrived at the Yakima Aspen Dental clinic. He was later billed for the

11  purportedly "free" services.

12      46.    A review of complaints on ConsumerAffairs.com regarding Aspen

13  Dental confirms that Aspen Dental's unfair and deceptive practices are not limited

14  to Washington or to specific dental practices.

15          a.    Samantha from Maine states: I went in for a regular cleaning
                  and xrays. I then go to the room where the xray person told
16                me my teeth were very bad. The "dentist" came into the room
                  looked at my xrays and stuck the mirror into my mouth and
17                told me I had cavities on every tooth and I needed a root canal
                  on at least one. They told me I need to get my wisdom teeth
18                out as well and that they do do that right in their office. I went
                  back to the waiting room for about 10 minutes when I then
19                went into the payment area. She handed me a bill of $13,500.

20

CLASS ACTION COMPLAINT – 16

She didn't offer any payment plan and just told me to sign up for their credit card, which of course I did not do. I look at the bill and see they charged me $200 for each filling, around $3000 for a root canal and crown, and about $2000 for wisdom teeth removal. Not to mention I never even got a cleaning as I was supposed to.

A few weeks later I went to another dentist who used the same xrays and where they told me I only had 4 cavities and there was no need for a root canal. Of course I still needed my wisdom teeth removed which I only paid about $1000 for. After this trip to the dentist I had an estimated bill of about $1500. The most expensive being the wisdom teeth and the other $500 being my surface fillings.

b.    Wendy from Pennsylvania states: Don't believe their nice ads!! I went to get some dental work, cleaning and I knew I had some gum problems. They quoted $2076.35 for the work that needed done. One was a crown for $892.50. There may be a $215.05 charge for core buildup including pins that may apply to this. I decided I didn't want to have the expensive crown done, opted for a cheaper fix. They gave me a printout with the total of $2076.35 with a credit of $1017.15. I went through their DentalFirst finance plan. As I wasn't having this part of the work done, I checked my balance, and this amount had not been credited, along with the $104 they charged me for an xray that should have been free.

47.    Similarly, in a 2016 posting on ComplaintsBoard.com, Lorayne from South Carolina states: I also was very upset over my one visit to Aspen Dental. Made appt. for routine cleaning. Waiting room awhile, then back and was told I must have Xrays. I said I do not want them. They insisted I talk to office mgr, who told me they would not clean my teeth w/o Xrays. So I finally agreed. They did a

CLASS ACTION COMPLAINT – 17

1   full circle head Xray plus the individual ones. I did not want the radiation. But I did

2   want a cleaning, which I take very good care of my teeth and wanted one spot

3   between the two lower front teeth which was tearing my floss and I needed help

4   getting this placque off. They had me wait again, then took me to the chair. Finally

5   two girls came in and picked my gums all the way around, and wrote down

6   figures. Then the Dr. came in and said I had bacterial infection in all my teeth and

7   would be losing them and they were all loose. I said, No, they aren't. and felt

8   them, and she said, YES theyt are loose, you just can't tell Then she said, we have

9   to do a deep cleaning, and on another day. I said, No, I only want a routine

10  cleaning. She said we would be committing fraud if we did that, when you need

11  so much more. I did not believe her. I was sent to a financial plan manager, after

12  waiting in their "green" room once more about a half hour. Then he took me in

13  and showed me a bill for I don't have it in front of me but it was approx, $1500. I

14  told him I only wanted the routine cleaning. He sounded like a quote of the Dr. He

15  said, it would be fraud if we did that, when you need so much more. I couldn't

16  convince him, and he said, no charge. I said what about my Xrays, and he said, we

17  will bill your insurance co. for that, but no charge to you. I left. I contacted on

18  internet SC Dental Assn. and got no reply. I looked up Aspen Dental on line, and

19  saw many complaints. I can go to a local DDS for $75.00 and pay for it myself, as

20

1  soon as I get the money. My insurance, Humana Plus at the time, paid Aspen. I

2  wrote them a letter and complaint, but I doubt they did anything. I think frauds

3  like this should be put out of business. I met two friends after that, who were

4  asking who to go to. One spent over $7,000 and still needed to get plates now.

5  the other was told the same as me and losing all her teeth, and was scared to

6  death. I did not believe them, so I am not scared like her, but I still need the

7  cleaning, I wasted my time, waiting to be seen, and going through all that, plus

8  the radiation and exrays and my day wasted for nothing but a bunch of horrible

9  lies. https://www.complaintsboard.com/complaints/aspen-dental-

10  c361488.html?page=2#comments.

11                    **V.    CLASS ACTION ALLEGATIONS**

12        48.    Plaintiff brings this case as a class action against Aspen Dental

13  pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of:

14                    All individuals who were charged for dental services
                      performed on or after May 15, 2015 at an Aspen Dental
15                    location in the state of Washington.

16  Plaintiff further alleges a subclass against Mileski PLLC pursuant to Federal Rule of

17  Civil Procedure 23 on behalf of a Subclass consisting of:

18

19

20

1

2

3

All individuals who were charged for dental services performed on or after May 15, 2015 at an Aspen Dental location operated by Mileski PLLC in the state of Washington.

4

5

6

7

8

49.    <u>Numerosity</u>.  At this time, Plaintiff does not know the exact number of members of the Class and Subclass; however, given the volume of Defendants' businesses, there are likely thousands of members of the Class and at hundreds of members of the Subclass. Thus, both the Class and the Subclass are so numerous that joinder of all members is impracticable.

9

10

11

50.    <u>Commonality</u>.  There are numerous common questions of law and fact common to Plaintiff and members of the Class and Subclass. These questions include but are not limited to the following:

12

13

14

15

a.    Whether charging Plaintiff and members of the Class and Subclass for their initial exam and x-ray, despite representing that such services would be free, constitutes an unfair or deceptive practice;

16

17

18

b.    Whether failing to properly inform Plaintiff and members of the Class and Subclass regarding Defendants' obligation to bill insurance and failing to bill insurance on behalf of Plaintiff and

19

20

1    members of the Class and Subclass constitutes an unfair or

2    deceptive practice;

3        c.    Whether purporting to provide Plaintiff and members of the

4            Class and Subclass "discounts" on their treatment plans, where

5            the charged amounts are Defendants' customary rates,

6            constitutes an unfair or deceptive practice;

7        d.    Whether the alleged unfair or deceptive practices occurred in

8            the entrepreneurial aspects of Defendants' businesses;

9        e.    Whether the acts and practices alleged affect the public

10            interest; and

11        f.    The nature and extent of Class-wide and Subclass-wide injury

12            and the measure of compensation for such injury.

13    51.    Typicality.  Plaintiff's claims are typical of the claims of the Class and

14    Subclass. Plaintiff, like members of the Class and Subclass, was damaged by

15    Defendants by incurring charges resulting from the acts and practices alleged

16    herein. Thus, Plaintiff's claims, like the claims of Class and Subclass members,

17    arise out of the same common practices or conduct by Defendants and are based

18    on the same legal and remedial theories.

19

20

52.    <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has competent and capable attorneys who are experienced trial lawyers with significant experience litigating complex class actions, including claims under the Washington Consumer Protection Act. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor her counsel has interests that conflict with the Class or Subclass.

53.    <u>Predominance</u>.  Defendants have engaged in a common course of unethical, unfair, and deceptive conduct toward Plaintiff and members of the Class and Subclass. The common issues arising from this conduct that affect Plaintiff and members of the Class and Subclass predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

54.    <u>Superiority</u>.  Plaintiff and members of the Class and Subclass have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class and Subclass members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of

1  adjudication, provides a forum for small claimants, and deters illegal activities.

2  There will be no significant difficulty in the management of this case as a class

3  action. The Class and Subclass members are readily identifiable from Defendants'

4  records.

5      55.    Defendants have acted on grounds generally applicable to the entire

6  Class and Subclass, thereby making final injunctive relief or corresponding

7  declaratory relief appropriate with respect to the entire Class and Subclass.

8  Prosecution of separate actions by individual members of the Class and Subclass

9  would create a risk of inconsistent or varying adjudications with respect to

10  individual members of the Class and Subclass that would establish incompatible

11  standards of conduct for Defendants.

12  **VI.  FIRST CLAIM FOR RELIEF**
**Unfair Business Practices**

13  **(Violation of Washington Consumer Protection Act, RCW RCW 19.86 *et seq.*)**

14      56.    Plaintiff and the Class and Subclass reallege and incorporate by

15  reference each and every allegation set forth in the preceding paragraphs.

16      57.    Defendants are "persons" within the meaning of the Washington

17  Consumer Protection Act, RCW 19.86.010(1).

18      58.    Plaintiff and members of the Class and Subclass are "persons" within

19  the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

20

59.    Defendants engaged in unfair acts or practices that occurred in trade or commerce by conduct set forth above. These unfair acts include the following:

a.    Charging Plaintiff and members of the Class and Subclass for their initial exam and x-ray, despite representing that such services would be free;

b.    Failing to properly inform Plaintiff and members of the Class and Subclass regarding Defendants' obligation to bill insurance and failing to bill insurance on behalf of Plaintiff and members of the Class and Subclass;

c.    Purporting to provide Plaintiff and members of the Class and Subclass "discounts" on their treatment plans, where the charged amounts are Defendants' customary rates.

60.    The acts and practices described above are unfair because these acts or practices (1) have caused substantial financial injury to Plaintiff and members of the Class and Subclass; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers.

61.    These unfair acts and practices occurred in "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW

CLASS ACTION COMPLAINT – 24

1   19.86.010(2), because they occurred in the entrepreneurial aspects of

2   Defendants' dental business.

3   62.    Defendants' unfair acts and practices affect the public interest. The

4   unfair acts and practices were committed in the general course of Defendants'

5   business and have injured hundreds of individuals in Washington state. There is a

6   likelihood Defendants' practices will injure other members of the public.

7   63.    As a direct and proximate result of Defendants' unfair acts and

8   practices, Plaintiff and the Class and Subclass have been injured and are entitled

9   to recover compensatory, special and general damages as allowed by law. In

10  addition, Plaintiff and the Class and Subclass are entitled to recover treble

11  damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

12  64.    Plaintiff also seeks injunctive and other equitable relief.

13  **VII. SECOND CLAIM FOR RELIEF**
    **Deceptive Business Practices**
14  **(Violation of Washington Consumer Protection Act, RCW RCW 19.86 *et seq.*)**

15  65.    Plaintiff and the Class and Subclass reallege and incorporate by

16  reference each and every allegation set forth in the preceding paragraphs.

17  66.    Defendants are "persons" within the meaning of the Washington

18  Consumer Protection Act, RCW 19.86.010(1).

19

20

CLASS ACTION COMPLAINT – 25

67.    Plaintiff and members of the Class and Subclass are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

68.    Defendants engaged in deceptive acts or practices that occurred in trade or commerce by conduct set forth above. These deceptive acts include the following:

       a.    Charging Plaintiff and members of the Class and Subclass for their initial exam and x-ray, despite representing that such services would be free;

       b.    Failing to properly inform Plaintiff and members of the Class and Subclass regarding Defendants' obligation to bill insurance and failing to bill insurance on behalf of Plaintiff and members of the Class and Subclass;

       c.    Purporting to provide Plaintiff and members of the Class and Subclass "discounts" on their treatment plans, where the charged amounts are Defendants' customary rates.

69.    These deceptive acts and practices occurred in "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2), because they occurred in the entrepreneurial aspects of Defendants' dental business.

CLASS ACTION COMPLAINT – 26

70.    Defendants' deceptive acts and practices are capable of deceiving a substantial portion of the public.

71.    Defendants' deceptive acts and practices affect the public interest. The deceptive acts and practices were committed in the general course of Defendants' business and have injured hundreds of individuals in Washington state. There is a likelihood Defendants' practices will injure other members of the public.

72.    As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and the Class and Subclass have been injured and are entitled to recover compensatory, special and general damages as allowed by law. In addition, Plaintiff and the Class and Subclass are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

73.    Plaintiff also seeks injunctive and other equitable relief.

**VIII.  PRAYER FOR RELIEF**

Wherefore, Plaintiff, on her own behalf and on behalf of the members of the Class and Subclass, requests the Court enter judgment against Defendants as follows:

A.    Certify the proposed Class and Subclass;

B.    Appoint Plaintiff Janet Stone as Class and Subclass representative;

1    C.    Appoint the undersigned counsel as counsel for the Class and

2    Subclass;

3    D.    Declare that the actions complained of herein violate Washington

4    law;

5    E.    Award Plaintiff and the Class and Subclass actual damages and treble

6    damages;

7    F.    Award injunctive and other equitable relief;

8    G.    Award Plaintiff and the Class and Subclass attorneys' fees and costs,

9    as allowed by law;

10    H.    Award Plaintiff and the Class and Subclass pre-judgment and post-

11    judgment interest, as provided by law; and

12    I.    Grant such other and further relief as this Court deems necessary,

13    just, and proper.

14

15

16

17

18

19

20

CLASS ACTION COMPLAINT – 28

1    RESPECTFULLY SUBMITTED AND DATED this 15th day of May, 2019.

2                                TERRELL MARSHALL LAW GROUP PLLC

3                                By: /s/ Toby J. Marshall, WSBA #32726
                                     Toby J. Marshall, WSBA #32726
4                                    Elizabeth A. Adams, WSBA #49175
                                     Attorneys for Plaintiff
5                                    936 North 34th Street, Suite 300
                                     Seattle, Washington 98103
6                                    Telephone: (206) 816-6603
                                     Facsimile: (206) 319-5450
7                                    Email: tmarshall@terrellmarshall.com
                                     Email: eadams@terrellmarshall.com
8
                                 THE MAYO LAW GROUP PLLC
9
                                 By: /s/ Boyd Mack Mayo, WSBA #43752
10                                   Boyd Mack Mayo, WSBA #43752
                                     Attorneys for Plaintiff
11                                   220 West Main Avenue
                                     Spokane, Washington 99201
12                                   Telephone: (509) 381-5091
                                     Email: mack@bmayolaw.com
13

14

15

16

17

18

19

20

CLASS ACTION COMPLAINT – 29